(50 Misc. Rep. 642)

### CURTIS BLAISDELL CO. v. ROSS et al.

(Supreme Court, Appellate Term.    April 24, 1906.)

DAMAGES—INJURY TO HORSE—EXCESSIVE DAMAGES.

    Where, in an action for injuries to a horse, plaintiff claimed $100 as the depreciation in the value thereof, and there was nothing to show that he was put to any expense for medical attendance or for procuring a horse to take the place of the one injured, the damages awarded must be limited to the depreciation in the value of the horse.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 280.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Curtis Blaisdell Company against Marion J. Ross and others.   From a judgment for plaintiff, defendants appeal.   Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Seth B. Robinson (Henry H. Hull, of counsel), for appellant.
William C. Relyea, for respondent.

SCOTT, P. J.   The plaintiff's coal cart, drawn by three horses, was proceeding at a walk up First avenue between the easterly car track and the curb, near the track.   A wagon, said to belong to defendants, was coming up the avenue at a trot on the easterly track.   Upon the wagon was loaded a section of iron railing, which projected outside the body of the wagon, but not outside the hubs of the wheels.   In some way the projecting railing struck and cut the rump of one of plaintiff's horses, causing the injury for which damages are sought. The only evidence given by plaintiff as to how the accident happened is that of its driver, whose account is almost unintelligible, but which appears to be to the effect that the injury happened when defendants' wagon was attempting to pass the coal cart.   The story of defendants' driver, corroborated by a bystander, is that plaintiff's driver, in attempting to pass some wagons standing in the roadway, pulled his team suddenly to the left, throwing his outside horse into a position where defendants' driver could not avoid hitting him.   This story seems at least as probable and as well supported as that told by plaintiff's driver.

The damages are excessive.   The plaintiff only claimed $100 as the depreciation in the value of the horse, and has been awarded $190.   It appeared that plaintiff was put to no actual expense for medical attendance or for procuring a horse to take the place of the injured one, so that its damage should have been limited to the depreciation in the value of the horse.   There was no evidence of defendants' partnership. On the whole case, justice will be best served if there be a new trial.

Judgment reversed, and new trial granted, with costs to abide the event.   All concur.